# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71632-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM ALDRICH SANCOMB, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: April 20, 2015 |
| | ) | |

Cox, J. – Defendants are entitled to a lesser included offense instruction when "the evidence in the case supports an inference that [only] the lesser crime was committed."[1] In this case, the court did not abuse its discretion when it ruled that a lesser included offense instruction was not warranted because no affirmative evidence raised an inference that William Sancomb committed theft rather than robbery. The prosecutor did not commit misconduct. Sancomb's counsel was not ineffective for failing to object to the alleged misconduct. And Sancomb fails to raise any claims in his statement of additional grounds that warrant relief. We accept the State's concessions that two scrivener's errors in the judgment and sentence should be corrected on remand. Accordingly, we affirm Sancomb's conviction, but remand for correction of the two scrivener's errors in the judgment and sentence.

---

[1] State v. Henderson, No. 90154-6, 2015 WL 847427, at *4 (Wash. Feb. 26, 2015).

The State charged Sancomb with second degree robbery while armed with a deadly weapon. The State alleged that Sancomb took candy and soda from a hotel's convenience store without paying for them by the use or threatened use of force.

At trial, the hotel desk clerk testified that she saw Sancomb take several items from the hotel's small convenience store and begin to walk away. She then followed Sancomb, asking him about payment. She testified that Sancomb asked if she "want[ed] to die for candy" and showed her a knife. Sancomb then left the hotel.

Officers apprehended Sancomb a short distance from the hotel. At trial, one officer testified that Sancomb had stated that he had not robbed the hotel. Sancomb did not deny taking the items without paying, but told the officer that it had not been a robbery. The officer testified that Sancomb said he had not hurt anyone, "just left the place," and "just walked out the door."

Sancomb asked the court to instruct the jury on the lesser included offense of third degree theft. The court declined, determining that there was no affirmative evidence that Sancomb had committed only theft.

The jury found that Sancomb guilty of second degree robbery but found that he was not armed with a deadly weapon.

Sancomb appeals.

## LESSER INCLUDED OFFENSE INSTRUCTION

Sancomb argues that he was entitled to an instruction on third degree theft. We disagree.

2

Instructing juries on lesser included offenses "is crucial to the integrity of our criminal justice system because when defendants are charged with only one crime, juries must either convict them of that crime or let them go free."[2] This choice creates a risk that the jury will "resolve its doubts in favor of conviction."[3]

Consequently, courts "err on the side of instructing juries on lesser included offenses."[4] Courts should instruct the jury about a lesser included offense if the jury could find that the defendant committed only the lesser included offense.[5]

We analyze whether a defendant is entitled to a lesser included offense instruction under the test announced in State v. Workman.[6] Under this test, the defendant is entitled to an instruction when "(1) each of the elements of the lesser offense is a necessary element of the charged offense and (2) the evidence in the case supports an inference that the lesser crime was committed."[7]

The court "view[s] the evidence in the light most favorable to the party who requested the instruction" when determining whether the evidence raised an

---

[2] Henderson, 2015 WL 847427, at *1.

[3] Id. (quoting Keeble v. United States, 412 U.S. 205, 212–13, 93 S. Ct. 1993, 36 L. Ed. 2d 844 (1973)).

[4] Id.

[5] Id.

[6] 90 Wn.2d 443, 584 P.2d 382 (1978).

[7] Henderson, 2015 WL 847427 at *4.

inference.[8] But it is not enough that the jury may disbelieve some evidence. Instead, there must be affirmative evidence that the defendant committed *only* the lesser included offense.[9]

We review a trial court's decision under Workman's second prong for abuse of discretion.[10]

Sancomb first argues that we should review the trial court's decision de novo. But our supreme court recently reaffirmed that we review this question—whether evidence supports an inference that a lesser crime was committed—for abuse of discretion.[11] Thus, we reject this argument.

In this case, the parties agree that each element of third degree theft is a necessary element of robbery. Thus, the question before us is whether the evidence raised an inference that Sancomb committed only theft.

Robbery requires that property be taken "by the use or threatened use of immediate force, violence, or fear of injury."[12] Theft, on the other hand, lacks a threat or force element.[13] Thus, Sancomb was entitled to a lesser included offense instruction if the evidence raised an inference that he took the items without force or threat of force.

---

[8] Id.

[9] State v. Fernandez-Medina, 141 Wn.2d 448, 455-56, 6 P.3d 1150 (2000).

[10] Henderson, 2015 WL 847427 at *5.

[11] Henderson, 2015 WL 847427 at *5.

[12] RCW 9A.56.190.

[13] RCW 9A.56.020.

Here, the court did not abuse its discretion by failing to instruct the jury on the lesser included offense instruction. The court applied the proper legal standard and concluded that the statements Sancomb made to the officer were not affirmative evidence that Sancomb had committed only theft.

The State elicited the following testimony from the officer who transported Sancomb to jail:

> [Prosecutor:] Did [Sancomb] tell you that he didn't think this incident should be a robbery because he did not hurt anyone?
>
> [Officer:] He did, yes.
>
> [Prosecutor:] Did he also tell you that he just left the place and he didn't push [the clerk]?
>
> [Officer:] Yes.
>
> [Prosecutor:] Did he also tell you that he just walked out the door?
>
> [Officer:] Yes.[14]

Sancomb argues that these statements were affirmative evidence that he committed only theft. He is mistaken.

The court correctly identified that the determinative question was whether there was affirmative evidence that Sancomb committed only the lesser included offense. The court considered these statements under the relevant standard and determined that this evidence did not raise an inference that Sancomb committed only the lesser crime. It stated:

> I don't believe that Mr.—that simply Mr. Sancomb's statement to the officer riding in the car constitutes affirmative proof, in the words of

---

[14] Report of Proceedings (October 30, 2013) at 75.

[the relevant case law] that, you know, are sufficient to create a basis for giving the lesser included [offense instruction]. Basically what you are asking the jury to do is simply to disbelieve some of [the clerk's] testimony. Now, they can certainly do that if there is evidence to the contrary and there is a choice for them to make. But at this point I wouldn't give the lesser included [instruction]. Obviously you can confer with Mr. Sancomb on whether he wants to testify. And obviously, if he testifies and provides a basis for a lesser included, then I'd give it.[15]

Looking at Sancomb's three statements in context, the court did not abuse its discretion. Sancomb denied using force—he stated that he did not hurt the clerk, "just walked out," and left without pushing the clerk.[16] But his statements that he took the items without *force* are not affirmative evidence that he took the items without *threat* of force.[17] Sancomb did not deny showing the hotel clerk a knife or asking if she wanted to die. Thus, the statements were not affirmative evidence that Sancomb had committed only theft.

In sum, the trial court did not abuse its discretion when it declined to instruct the jury on third degree theft.

Sancomb argues that "a reasonable juror could have concluded Sancomb merely stole food, without any force or violence, thereby committing only third-degree theft."[18] But this argument fails to acknowledge that Sancomb could have committed robbery without force or violence, provided that he made a threat of force or violence. Accordingly, this argument is not persuasive.

---

[15] Report of Proceedings (October 31, 2013) at 167.

[16] Report of Proceedings (October 30, 2013) at 75.

[17] (Emphasis added.)

[18] Brief of Appellant at 7.

Finally, Sancomb argues that the court applied the wrong legal standard. Sancomb points to the court's statement that it might give a lesser included offense instruction if Sancomb testified. Sancomb argues that this statement shows that the court applied an incorrect standard. He is mistaken.

The court properly considered the evidence that Sancomb claimed supported an inference that he committed only theft. The court then found that this evidence was insufficient to raise the necessary inference. When the court stated that it might give the instruction if Sancomb testified, it was merely stating that his testimony might produce such evidence. The court did not state that defendants must testify to receive lesser included offense instructions. Thus, the court did not apply an incorrect legal standard.

## PROSECUTORIAL MISCONDUCT

Sancomb argues that the prosecutor committed misconduct. Specifically, he argues that the prosecutor inappropriately elicited irrelevant facts from a witness and appealed to the emotions of the jury. We disagree.

To prevail on a claim of prosecutorial misconduct, the defense must establish that the prosecutor's conduct was both improper and prejudicial.[19]

If a defendant fails to object at trial, we grant relief only if the remark was "so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice."[20] "Under this heightened standard, the defendant must show that (1) 'no curative instruction would have obviated any prejudicial effect

_____

[19] State v. Emery, 174 Wn.2d 741, 756, 278 P.3d 653 (2012).

[20] Id. at 760-61.

7

on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'"[21]

Additionally, when the defendant fails to object, it "'strongly suggests to a court that the argument or event in question did not appear critically prejudicial to an appellant in the context of the trial.'"[22]

We review alleged prosecutorial misconduct in context. This includes "the context of the total argument, the issues in the case, the evidence [addressed in the argument], and the instructions given to the jury.'"[23]

A prosecutor may not "deliberately appeal[] to the jury's passion and prejudice and encourage[] the jury to base the verdict on the improper argument 'rather than properly admitted evidence.'"[24] But not all closing argument that may elicit an emotional response is improper. In State v. Berube, the prosecutor argued that the defendant had fled to his mother's house to hide from the police.[25] He stated:

---

[21] Id. at 761 (quoting State v. Thorgerson, 172 Wn.2d 438, 455, 258 P.3d 43 (2011)).

[22] State v. McKenzie, 157 Wn.2d 44, 53 n.2, 134 P.3d 221 (2006) (quoting State v. Swan, 114 Wn.2d 613, 661, 790 P.2d 610 (1990)).

[23] Emery, 174 Wn.2d at 764 n.14.

[24] In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 711, 286 P.3d 673 (2012) (quoting State v. Furman, 122 Wn.2d 440, 468–69, 858 P.2d 1092 (1993)).

[25] 171 Wn. App. 103, 119, 286 P.3d 402 (2012).

How sad is it that a mother and a son would go for 13 years without seeing each other? And how happy his mother must have been when he came to see her. And how disappointed must she have been when she learned that he came because he was running from the law?[26]

This court held that this argument did not warrant reversal because "Berube's mother testified she loved her son, and it was not an unreasonable inference that she would be saddened and disappointed by the circumstances." Additionally, the prosecutor did not rely on evidence outside the record or use inflammatory language.[27] The court also noted that "[t]he statements, even if improper, were not flagrant and ill-intentioned, were easily curable by instruction, and do not warrant notice for the first time on appeal."[28]

Sancomb first argues that the prosecutor committed misconduct by eliciting irrelevant testimony from the hotel clerk. But most of the allegedly irrelevant information was relevant, providing context for her testimony. And Sancomb failed to object to any of this evidence.

During direct examination, the prosecutor asked the hotel clerk about her background. This included the fact that she had emigrated from Uganda and worked multiple jobs. The prosecutor also asked the clerk about her two sons. Sancomb did not object either to any of these questions or the clerk's answers.

We note that Sancomb himself asked the clerk about the other jobs that she worked, and later argued that she was tired from her other jobs, which

---

[26] Id.

[27] Id.

[28] Id.

affected her perception of events. And the fact that the clerk emigrated from Uganda was also relevant, because her ability to understand Sancomb's statements was important. In fact, Sancomb extensively cross-examined the clerk about her understanding of his statements.

To the extent other evidence may have not been directly relevant, Sancomb nevertheless failed to object. This failure suggests that such evidence did not appear prejudicial at trial.[29] Additionally, eliciting this testimony was not so flagrant and ill-intentioned that the court could not have cured the prejudice with an instruction.

Sancomb next argues that the prosecutor's closing argument improperly used the clerk's background to appeal to the jury's sympathies.

The prosecutor's closing argument did emphasize the hotel clerk and her background. He began his argument as follows:

> [The hotel clerk] is the mother of two children. She works two jobs in order to support her family. She has her one kid who is in high school and her other kid was in college. She came all the way from Uganda so she could provide—to the US so she could provide her family with a better life. But on June 6, 2013, all that [she] has been working hard for, all the struggles that she has gone through were put at risk. They were put at risk the day that Mr. Sancomb took this knife and threatened her life.[30]

This argument was not an appeal to the passions and prejudice of the jury. Instead, this case resembles Berube. The clerk's testimony supported the prosecutor's argument. Thus, just as in Berube, the prosecutor did not either rely on evidence outside of the record or use inflammatory language.

---

[29] McKenzie, 157 Wn.2d at 53 n.2 (quoting Swan, 114 Wn.2d at 661).

[30] Report of Proceedings (October 31, 2013) at 190.

Moreover, as in Berube, Sancomb's counsel failed to object. This suggests that the prosecutor's argument did not appear prejudicial at trial.[31] And even assuming that the prosecutor's statements were improper, Sancomb fails to show that they were so flagrant and ill-intentioned that an instruction could not have cured any prejudice.

Sancomb also argues that the prosecutor violated the "golden rule" by asking "jurors to put themselves in [the clerk's] shoes."[32] Prosecutors may not appeal to the passions of the jury, but it is unclear whether "golden rule" arguments are prohibited in criminal cases. Our supreme court has suggested that this prohibition may not apply to criminal cases.[33]

Regardless, the prosecutor's argument was permissible. Some of the "golden rule" content was argument about the hotel clerk's memory. Sancomb had argued that the clerk was mistaken, and Sancomb had not threatened her. In response, the prosecutor argued that the clerk was unlikely to misremember a threat. He stated:

> I don't know if you've ever been threatened, but you can all imagine that that threat is something that sticks with you; it's something that stays with you. That threat is a violation of your dignity as a person. And there was no doubt in [the clerk's] mind that a threat was made to her.[34]

This was not improper.

---

[31] McKenzie, 157 Wn.2d at 53 n.2 (quoting Swan, 114 Wn.2d at 661).

[32] Brief of Appellant at 11.

[33] State v. Borboa, 157 Wn.2d 108, 124 n.5, 135 P.3d 469 (2006).

[34] Report of Proceedings (October 31, 2013) at 230.

Even assuming that part of the State's alleged "golden rule" argument was improper, Sancomb's counsel failed to object, which suggests that the argument did not seem prejudicial at trial. Additionally, Sancomb fails to show that this argument was so flagrant and ill-intentioned that it could not be cured by an instruction.

Finally, Sancomb argues that the prosecutor "urge[d] the jury to convict based on what might happen in other cases."[35] It appears that the prosecutor began to make such an improper argument. He stated, "[I]f you believe the defense's theory of the case, it makes it extremely difficult for all those cases where a person is alone in their attack and there's—."[36] But at that point, defense counsel objected, and the court sustained the objection. The prosecutor then moved on to a different argument.

Because Sancomb's objection was sustained before the prosecutor finished his argument, Sancomb cannot show that this argument was prejudicial. Additionally, Sancomb's counsel did not request a curative instruction, suggesting that one was not necessary.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Sancomb argues that his counsel was constitutionally ineffective by failing to object. Specifically, Sancomb argues that his counsel should have objected to the prosecutor's alleged misconduct, which we described above. We disagree.

---

[35] Brief of Appellant at 13.

[36] Report of Proceedings (October 31, 2013) at 230-31.

12

Both the federal and state constitutions provide the right to counsel.[37] The defendant bears the burden of proving ineffective assistance of counsel.[38] "[T]he defendant must show that (1) counsel's representation was deficient, that is, it fell below an objective standard of reasonableness and (2) there was prejudice, measured as a reasonable probability that the result of the proceeding would have been different."[39]

Washington courts are "highly deferential to counsel's performance."[40] We presume that counsel provided effective representation.[41] We give particular deference to "strategic decisions".[42]

Lawyers often fail object during closing arguments, "'absent egregious misstatements.'"[43] Failing to object during closing argument is generally "within the wide range of permissible professional legal conduct."[44]

Here, Sancomb fails to show that his counsel performed in a deficient manner. Counsel's performance was not deficient in failing to object to the allegedly irrelevant questions in the clerk's direct examination. As explained

---

[37] U.S. CONST. amend. VI; CONST. art. I, § 22.

[38] State v. Humphries, 181 Wn.2d 708, 719, 336 P.3d 1121 (2014).

[39] Id. at 719-20.

[40] In re Pers. Restraint of Gomez, 180 Wn.2d 337, 348, 325 P.3d 142 (2014).

[41] Id.

[42] Id. at 356.

[43] In re Pers. Restraint of Davis, 152 Wn.2d 647, 717, 101 P.3d 1 (2004) (quoting United States v. Necoechea, 986 F.2d 1273, 1281 (9th Cir. 1993)).

[44] Id.

earlier, these questions were generally relevant. And Sancomb's counsel used some of this information in his cross-examination and argument.

Sancomb's counsel was also not ineffective for failing to object to the State's allegedly improper closing argument. Sancomb's counsel chose to respond to the State's allegedly improper arguments rather than to object. In closing argument, he urged the jury to focus on the relevant issues—not the hotel clerk's emotions:

> [The State] want[s] you to draw on your emotions. Right? It's clear. [The prosecutor is] holding a knife in front of you, he's talking about [the hotel clerk] being a mother working all these jobs, being an immigrant, coming here to America for a better life and supporting her kids. And he goes on. Even drawing on your emotions to say, what would your response be if someone was wielding a knife on you. Right? Trying to draw on your emotions.
>
> And I just want to caution you—right?—Jury Instruction Number One, it states in there that you must not let your emotions overcome your rational thought process. You must reach your decision based on the facts proved to you and on the law given to you, not on sympathy, prejudice, or personal preference. To assure that all parties receive a fair trial, you must act impartially and with an earnest desire to reach a proper verdict.[45]

Thus, Sancomb's counsel appropriately addressed the State's arguments. His decision to do so in rebuttal, rather than with an objection, was tactical. Thus, his performance was not deficient.

## SCRIVENER'S ERRORS

Sancomb argues that remand is necessary to correct scrivener's errors in his judgment and sentence. Specifically, a checked box on the judgment and sentence indicates that the jury found a deadly weapon enhancement, although it

---

[45] Report of Proceedings (October 31, 2013) at 220-21.

did not. And Appendix B, which lists Sancomb's prior criminal history, lists a theft by taking conviction from Utah, when it should list a theft by taking conviction from Georgia.

The State properly concedes these are scrivener's errors. We accept this concession and conclude that remand for correction of these errors is appropriate to avoid potential confusion.[46]

## STATEMENT OF ADDITIONAL GROUNDS

Sancomb also raises several issues in his statement of additional grounds. We cannot review these claims on the record before us.

Sancomb's first two arguments relate to an earlier mistrial in his case. But the record on appeal does not include information about this mistrial.

Sancomb's remaining claims are about disagreements he had with his counsel. But the record before us does not contain information about these disputes. On direct appeal, we "may consider only facts within the record" when reviewing a claim of ineffective assistance of counsel.[47] Sancomb "must file a personal restraint petition if [he] intends to rely on evidence outside of the trial record."[48]

---

[46] In re Pers. Restraint of Mayer, 128 Wn. App. 694, 701, 117 P.3d 353 (2005).

[47] State v. Grier, 171 Wn.2d 17, 29, 246 P.3d 1260 (2011).

[48] Id.

We affirm the conviction, but remand for correction of the two scrivener's errors in the judgment and sentence.

_Cox, J._

WE CONCUR:

_Trickey, J_                            _Spearman, C.J._